IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MATTHEW AND CHRISTINE HOOD | : | |
|    Plaintiffs, | : | |
| | : | |
|       v. | : | CIVIL NO. L-05-3329 |
| | : | |
| TONY ELDRIDGE | : | |
|    Defendant. | : | |

**MEMORANDUM**

Pending is a motion to dismiss filed by Defendant Tony Eldridge ("Defendant"). Because the motion has been fully briefed, the Court will dispense with a hearing. See Local Rule 105.6 (D. Md. 2001). For the reasons stated herein, the Court will, by separate ORDER, DENY the motion.

**I.     FACTUAL BACKGROUND**

This case arises from an automobile accident that occurred on December 20, 2002 in York County, Pennsylvania. Plaintiff Matthew Hood's vehicle was struck from behind by a tractor-trailer operated by Defendant. The tractor-trailer was owned by Time Critical Freight, a Maryland corporation who was not named as a defendant in the Complaint.

**II.    PROCEDURAL BACKGROUND**

This case has been described by this Court as having a "tortured history." (Docket Item No.11) Plaintiffs Matthew and Christine Hood ("Plaintiffs"), husband and wife, originally filed suit against Defendant in the Court of Common Pleas of York County, Pennsylvania (Docket No. 2004-SU-001904-Y01). This suit was discontinued on February 28, 2005.[1]

---

[1]     It is not clear from the record how the action was terminated.

On December 17, 2004, while the Pennsylvania action was still pending, Plaintiffs filed a complaint against Defendant in this Court pursuant to this Court's diversity jurisdiction (Civil No. L-04-3965).[2] The original complaint incorrectly identified both Mrs. Hood and Defendant as residents of Maryland. Due to the apparent lack of complete diversity, the Court issued a show cause order on June 24, 2005 directing Plaintiffs to show why the action should not be dismissed for lack of subject matter jurisdiction. Plaintiffs did not timely respond, and the Court dismissed the action without prejudice. Plaintiffs filed two motions to reconsider, the first on November 30, 2005, and the other on December 6, 2005. On February 8, 2006, both motions were denied as untimely.

Meanwhile, on December 15, 2005, Plaintiffs filed this third identical suit (Civil No. L-05-3329). On January 26, 2006, Plaintiffs filed a "motion for settlement conference," to which Defendant responded with the pending motion to dismiss.[3] Defendant alleges that the instant action is time-barred by the Pennsylvania statute of limitations ("SOL").[4] As the thrust of the instant motion rests upon the applicable SOL, it will be evaluated as a motion to dismiss pursuant to FRCP 12(b)(6) (for failure to state a claim upon which relief can be granted).

---

[2] 28 U.S.C. s 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between...citizens of different States....").

[3] The actual response filed, entitled "Response of Defendant to Plaintiffs' Motion for a Settlement Conference and Counter Motion to Strike," was construed by the Court as a motion to dismiss.

[4] The initial motion to dismiss also alleged that service of the current Complaint was never effectuated upon Defendant. Plaintiffs subsequently filed an affidavit of service on March 9, 2006, stating that Defendant was served with the Complaint on February 15, 2006 (within the Federal Rule of Civil Procedure ("FRCP") 4(m) 120-day requirement). Accordingly, sufficiency of service of process appears to be a non-issue.

**III.   ANALYSIS**

Ordinarily, a complaint should not be dismissed for failure to state a claim under FRCP 12(b)(6) unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of its claim which entitle it to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995).  In cases such as the instant case, a SOL defense brought under Rule 12(b)(6) may be granted only if the time bar is apparent from the face of the complaint.  See, e.g., Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 474 (4th Cir.2005).

To determine whether the instant action is barred by the SOL, it is necessary to first determine whether to apply the Maryland or Pennsylvania  SOL.  In diversity cases, federal courts apply the choice-of-law principles, including the conflict of laws rules, of the state where the court sits - in this case Maryland.  See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). In tort cases, such as the case at bar, Maryland adheres to the *lex loci delicti* doctrine, which commands that "when an accident occurs in another state, substantive rights of the parties...are to be determined by the law of the state in which the alleged tort took place." Phillip Morris Inc. v. Angeletti, 358 Md. 689, 754-55, 752 A.2d 200, 230 (2000).  Here, the accident occurred in Pennsylvania.  Accordingly, Pennsylvania substantive law applies.

Defendant incorrectly argues that, because the substantive law of Pennsylvania applies, so too does the Pennsylvania SOL.  Under Pennsylvania's two-year SOL, the current action would be untimely.[5]  42 Pa. C.S.A. § 5524 (2007).  However, Maryland's SOL applies to even those claims that arise under the substantive law of other states.  See, e,g., Fischer v. Viacom

---

[5]   The accident took place on December 20, 2002, but the Complaint was not filed until nearly three years after the accident, on December 13, 2005.

3

Int'l, Inc., 115 F. Supp. 2d 535, 538-39 (D. Md. 2000). While there is an exception to this general rule - where the foreign SOL constitutes a condition precedent to the right to maintain the action - this exception does not apply to the instant case.[6] Turner v. Yamaha Motor Corp., 88 Md. App. 1, 591 A.2d 886, 887 (1991). Accordingly, Maryland's three-year SOL applies. Md. Cts. & Jud. Pro. § 5-101. This action was filed on December 13, 2005, less than three years after the accident, which took place on December 20, 2002. Thus, even absent any tolling during the preceding actions, the instant action is not barred as untimely.

**IV.   CONCLUSION**

For the foregoing reasons and by separate ORDER, the Court DENIES Defendant's motion to dismiss. The Court will schedule a status conference with the parties for scheduling purposes.

Dated this 15th day of May 2007.

_____/s/_____
Benson Everett Legg
Chief Judge

---

[6] Unlike here, this exception applies only when the statute giving rise to the cause of action creates a new liability not existing at common law, and compliance with the period of limitations for such actions is a condition precedent to the right to maintain the action. See State v. Zitomer, 275 Md. 534, 542, 341 A.2d 789, 794 (1975).